UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**JEFFERY MATOS SOSA**, individually and
on behalf of others similarly situated,

    **Plaintiff,**　　　　　　　　　　　　　　Case No.

v.　　　　　　　　　　　　　　　　　　　**JURY DEMAND**

**SQUEAKY KLEAN SERVICES, INC**,
a Foreign Profit Corporation,

    **Defendants.**
_____/

**COLLECTIVE ACTION COMPLAINT
AND DEMAND FOR JURY TRIAL**

Plaintiff, JEFFERY MATOS SOSA, ("Plaintiff"), on behalf of himself and those similarly situated, by and through undersigned counsel, files this Complaint against Defendant, SQUEAKY KLEAN SERVICES, INC., (Squeaky or "Defendant") and states as follows:

**INTRODUCTION**

1. The FLSA is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a).

2. To achieve its purposes, the FLSA requires three things. First, the FLSA requires payment of minimum wages. 29 U.S.C. § 206(a). Second, the FLSA requires overtime pay for a covered employer whose employees work in excess of forty (40) hours per workweek. 29 U.S.C. § 207(a). And third, the FLSA establishes minimum recordkeeping requirements for covered employers. 29 U.S.C. § 211(a); 29 U.S.C. § 516.2(a)(7).

3. Plaintiff was a non-exempt employee for Defendants, and was paid straight time for all hours worked.

4. Throughout his employment, Defendant deprived Plaintiff of proper overtime compensation for his hours worked in excess for forty (40) hours each week.

## JURISDICTION

5. This Court has subject matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 *et seq*.

## PARTIES

6. At all times material hereto, Plaintiff was a resident of Alachua County, Florida.

7. At all times material hereto, SQUEAKY was a Florida Profit Corporation.

8. At all times material hereto, SQUEAKY owned and operated a Cleaning service in the State of Florida

9. At all times SQUEAKY is a Florida Profit Corporation, with its principal place of business located in Goshen, New York.

## FLSA COVERAGE

10. At all times material hereto, Plaintiff regularly performed duties for Defendant within the State of Florida and within this judicial district.

11. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of FLSA.

12. At all times material hereto, Defendant was the "employer" within the meaning of FLSA.

13. At all times material hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA by virtue of providing commercial janitorial

services and facility maintenance.

14. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

15. At all times material hereto, Defendant had two (2) or more employees handling, or otherwise working tools and material which had previously traveled in interstate commerce including cleaning supplies.

16. At all times material hereto, SQUEAKY was an "employer" within the meaning of FLSA.

17. At all times material hereto, Defendant operated simultaneously in two (2) or more states.

18. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendant.

19. At all times material hereto, Defendant controlled the manner in which Plaintiff's work was performed. To that end, Defendant assigned Plaintiff his specific assignments and dictated the specific manner in which he was required to do his work.

20. Plaintiff was paid a set hourly rate in an amount set by Defendant.

21. Plaintiff had little or no investment in the materials required to complete his work for Defendant.

22. Plaintiff did not employ helpers and lacked the authority to hire/fire anyone to perform the work that he was hired to do.

23. The work performed by Plaintiff for Defendant required no special skill.

## STATEMENT OF FACTS

24. On or about April 1, 2017, Defendants hired Plaintiff to work as a non-exempt

laborer, to polish floors.

25. At all times material hereto, Plaintiff worked for Defendant on various project cleaning, waxing, and polishing floors for Defendant's clients throughout Florida, Tennessee, Kentucky, West Virginia, and Mississippi.

26. From at least April 1, 2017 and continuing through May 30, 2019, Defendant failed to compensate Plaintiff at rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week.

27. Plaintiff should be compensated at the rate of one and one-half times his regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week as required by the FLSA.

28. Defendant has violated Title 29 U.S.C. §207 from at least April 1, 2017 and continuing through May 30, 2019, in that:

    a. Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendant;

    b. No payments, and provisions for payment, have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA.

    c. Defendant failed to maintain proper time records as mandated by the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

29. Plaintiff and the class members were all "hourly-paid laborers" and performed the same or similar job duties as one another in that they worked on various projects cleaning, waxing, and polishing floors.

30. Further, Plaintiff and the class members were subjected to the same pay provisions in that they were all paid straight time for all hours worked, including their overtime hours.

31. Thus, the class members are owed overtime wages for the same reasons as Plaintiff.

32. Defendant failure to properly compensate employees for hours worked in excess of 40 hours in a workweek as required by the FLSA results from a policy or practice of failure to assure that "janitors" are/were paid for overtime hours worked based on the Defendant's erroneous misclassification of its "laborer/machine operators" employees as exempt from overtime.

33. This policy or practice was applicable to Plaintiff and the class members. Application of this policy or practice does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of overtime to Plaintiff applied and continues to apply to all class members. Accordingly, the class members are properly defined as:

> **All "hourly-paid laborers" who worked for Defendant within the last three years who were not compensated at time-and-one-half for all hours worked in excess of 40 hours in one or more workweeks.**

34. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime compensation with respect to Plaintiff and the class members.

35. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

36. During the relevant period, Defendant violated § 7(a)(1) and § 15(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of at least the time-and-one-half for all hours worked in excess of 40 hours in a work week.

37. Defendant has acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

38. Defendant has failed to maintain accurate records of Plaintiff's and the class members' work hours in accordance with the law.

**COUNT I**
**VIOLATION OF 29 U.S.C. 207 OVERTIME COMPENSATION**

39. Plaintiff realleges and incorporates paragraphs 1 through 38 as if fully set forth herein.

40. From at least April 1, 2017 and continuing through May 30, 2019, Plaintiff worked in excess of forty (40) hours per work week.

41. Plaintiff was not properly compensated at the statutory rate of one and one-half times his regular rate of pay for the hours he worked in excess of forty (40) hours each workweek

42. Plaintiff was and is entitled to be paid at the statutory rate of one and one-half times hiss regular rate of pay for those hours worked in excess of forty (40) hours.

43. At all times material hereto, Defendant failed and continue to fail to maintain proper time records as mandated by the FLSA.

44. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per work week when it knew, or should have known, such was, and is due.

45. Defendant failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

46. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

47. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant:

    a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour and minimum wage provisions of the FLSA;

    b. Awarding Plaintiff overtime compensation in the amount due to him for time worked in excess of forty (40) hours per work week;

    c. Awarding Plaintiff liquidated damages in an amount equal to the overtime

  award;

 d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

 e. Awarding Plaintiff pre-judgment and/or post-judgment interest;

 f. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED: October 29, 2019.   Respectfully submitted,

           */s/ Andrew R. Frisch*
           ANDREW R. FRISCH
           MORGAN & MORGAN, P.A.
           8151 Peters Road, 4th Floor
           Plantation, FL 33324
           T: (954) WORKERS;  F: (954) 3273013
           E-mail: AFrisch@forthepeople.com

           *Trial Counsel for Plaintiff*